**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **LIZA MARIGLIANO,** *on behalf of herself and others similarly situated*, <br><br> Plaintiff, <br><br> v. <br><br> **ABC FINANCIAL SERVICES, INC. a/k/a ABC FITNESS SOLUTIONS**, <br><br> Defendant. | Civil Action No. 24-10403 (ZNQ) (RLS) <br><br> **OPINION** |

**QURAISHI, District Judge**

  **THIS MATTER** comes before the Court upon Plaintiff Liza Marigliano's ("Plaintiff") Motion to Remand to the Superior Court of New Jersey, Middlesex County. ("Motion", ECF No. 6.) Plaintiff filed a brief in support of the Motion. ("Moving Br.", ECF No. 6-1.) Defendant ABC Financial Services, Inc. a/k/a ABC Fitness Solutions ("Defendant") filed a brief in opposition, ("Opp'n Br.", ECF No. 8) to which Plaintiff replied, ("Reply Br.", ECF No. 9).

  The Court has carefully considered the parties' submissions and decides the Motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, the Court will DENY the Motion.

**I.  BACKGROUND AND PROCEDURAL HISTORY**

  This putative class action arises from Plaintiff's allegedly unpaid membership dues to Octagon NB Partners, LLC d/b/a UFC Gym Frankie Edgar ("UFC Gym"). Plaintiff alleges that on September 9, 2017, she signed a "recurring dues membership" contract (the "Membership

1

Agreement") with UFC Gym in North Brunswick, New Jersey. ("Compl.", ECF No. 1-2 ¶9; *see also* "Membership Agreement", ECF No. 1-2 at 16-21.) That agreement contained a forum selection clause, stating that "[a]ny litigation under this Agreement shall be resolved in the courts of the State of New Jersey." (Membership Agreement at 20.) Plaintiff claims that, in 2023, UFC Gym was still charging Plaintiff membership dues even though her Membership Agreement had expired and she was no longer using UFC Gym facilities and services. (*Id*. ¶14.) Plaintiff asserts that she discontinued authorization with her credit card company for further charges from UFC Gym for membership dues. (*Id*. ¶15.)

According to Plaintiff, Defendant began sending her collection emails, billing her for unpaid membership dues. (*Id*. ¶16.) Each of Defendant's emails allegedly included a notice that the email was an attempt to collect a debt on behalf of UFC Gym. (*Id*. ¶17.) Based on these allegations, Plaintiff brings claims against Defendant under the New Jersey Consumer Fraud Act, N.J. Stat. Ann. 56:8-2, and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*., on behalf of herself and other similarly situated individuals. (*Id*. ¶39-50.)

On October 3, 2024, Plaintiff filed a civil action against Defendant in the Superior Court of New Jersey, Middlesex County. On November 8, 2024, Defendant removed the Complaint to this Court based on federal question jurisdiction. (ECF No. 1.) On November 15, 2024, Defendant moved to compel arbitration based on the arbitration clause in Plaintiff's membership agreement. (ECF No. 2.) On December 6, 2024, Plaintiff filed the instant Motion to Remand. On December 23, 2024, Plaintiff, with Defendant's consent, sought the adjournment of the Motion to Compel Arbitration pending the resolution of Plaintiff's Motion to Remand. (ECF No. 7.) Plaintiff's Motion for Remand is now ripe for decision.

## II.    SUBJECT MATTER JURISDICTION

The Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 because Plaintiff brings a claim under a federal statute—the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*.

## III.    LEGAL STANDARD

United States district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A defendant may remove to federal court a civil action originally filed in state court if the federal court may exercise original jurisdiction over the matter. 28 U.S.C. § 1441(a). After removal, a plaintiff may move to remand the case if the removal was defective, or the district court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c); *Concepcion v. CFG Health Sys. LLC*, No. 13-2081, 2013 WL 5952042, at *2 (D.N.J. Nov. 6, 2013) ("For removal to be proper, 'a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action.'" (internal quotation marks omitted)). Indeed, federal courts are obligated to remand a removed case "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). The party that removed the case has the burden of establishing federal jurisdiction. *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987). The removal statute is "strictly construed against removal and all doubts should be resolved in favor of remand." *Id*. (citation omitted).

Notwithstanding the foregoing black letter law, "a defendant can contractually waive his right to remove . . . an action brought . . . in a state court." *New Jersey v. Merrill Lynch & Co.*, 640 F.3d 545, 547 (3d Cir. 2011) (internal quotation marks omitted). Thus, "remand based on a

3

[valid] forum selection clause is lawful." *Foster v. Chesapeake Ins. Co.*, 933 F.2d 1207, 1215 (3d Cir. 1991).

IV.    **DISCUSSION**

Plaintiff argues that the Court should remand this matter because the forum selection clause in her gym membership agreement requires this case to be litigated in New Jersey state court. (Moving Br. at 5.) Defendant does not dispute the validity of the forum selection clause. Instead, Defendant argues that it is not subject to the forum selection clause because Defendant was not a party to the Membership Agreement between Plaintiff and UFC Gym. (Opp'n Br. at 11-15.) Plaintiff does not appear to dispute that fact. Rather, she contends that Defendant is a party closely related to the agreement and is, thus, subject to its forum selection clause. (Reply Br. at 3-4.)

A non-signatory to an agreement may be bound by a forum selection clause if the non-signatory is "closely related to the agreement in such a way that it would be foreseeable that the non-signatory would be bound." *Carlyle Inv. Mgmt. LLC v. Moonmouth Co. SA*, 779 F.3d 214, 219 (3d Cir. 2015). "The closely related parties doctrine is a form of equitable estoppel," *In re McGraw-Hill Glob. Educ. Holdings LLC*, 909 F.3d 48, 62–63 (3d Cir. 2018), and it is "very narrow." *Howmedica Osteonics Corp. v. Bagwell*, No. 16-1980, 2016 WL 9185294, at *4 (D.N.J. July 14, 2016) (internal quotation marks omitted). Courts ultimately "take a common sense, totality of the circumstances approach that essentially inquires into whether, in light of those circumstances, it is fair and reasonable to bind a non-party to the forum selection clause." *Synthes, Inc. v. Emerge Med., Inc.*, 887 F. Supp. 2d 598, 607 (E.D. Pa. 2012). "In determining whether a non-signatory is closely related to a contract, courts consider the non-signatory's ownership of the signatory, its involvement in the negotiations, the relationship between the two parties and whether the non-signatory received a direct benefit from the agreement." *In re McGraw-Hill Glob. Educ.*

*Holdings LLC*, 909 F.3d 48, 63 (3d Cir. 2018).  The party asserting the "closely related parties" doctrine bears the burden to prove its application.  *Meridian Bank v. Sandy Spring Bank*, No. CV 22-3951, 2023 WL 8258769, at *5 (E.D. Pa. Nov. 29, 2023).

The Court finds little basis here on which to apply this narrow exception.  Defendant is not a party to the Membership Agreement.  (Membership Agreement at 16.)  Thus, Plaintiff bears the burden to establish that Defendant should be bound by it.  She has provided no evidence regarding the ownership relationship between Defendant and UFC Gym.  Nor does she point to facts demonstrating Defendant's involvement in the negotiations of the Membership Agreement between UFC Gym and Plaintiff.  Plaintiff does provide limited information regarding the general relationship between Defendant and UFC Gym and the alleged benefit that Defendant might derive from the Membership Agreement. In particular, Plaintiff cites to a single article on Businesswire.com,[1] stating that UFC Gym has contracted with Defendant, "a leading provider of software and related services for the fitness industry," to provide UFC Gym with "holistic and modular club management technology and services," including "comprehensive reporting for business insights, revenue-cycle management and operational efficiencies."[2]  Plaintiff also asserts that Defendant was attempting to collect unpaid dues from Plaintiff under the Membership Agreement.  (Reply Br. at 4.)  These circumstances are not sufficient to show that Defendant was closely related to the Membership Agreement, such that it was foreseeable to Defendant that it would be bound by the forum selection clause.  Indeed, the record before this Court establishes only that Defendant was in privity with UFC Gym for the purpose of providing management

---

[1] The Court takes judicial notice of this article as it is publicly available. *See Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010).

[2] Business Wire, *UFC GYM Selects ABC Fitness Solutions as Exclusive Club Management Provider to Elevate Integrated Fitness Experience*, https://www.businesswire.com/news/home/20201208005148/en/UFC-GYM-Selects-ABC-Fitness-Solutions-as-Exclusive-Club-Management-Provider-to-Elevate-Integrated-Fitness-Experience (last visited June 3, 2025).

technology and services. Furthermore, Plaintiff have not presented evidence that Defendant received a direct benefit under the Membership Agreement. Plaintiff herself alleges that Defendant sought to collect unpaid dues on behalf of UFC Gym, not on behalf of Defendant itself. (Compl. ¶17.) Plaintiff offers no other support on this point. Accordingly, because Defendant is not a closely related party to the Membership Agreement, it is not bound by the forum selection clause.

It is true, as Plaintiff points out, (Moving Br. at 6-7), that Defendant seeks to enforce the arbitration clause in the Membership Agreement in its Motion to Compel Arbitration, (ECF No. 2.) She argues that Defendant's Motion is also subject to the forum selection clause. (Moving Br. at 6.) Yet, this argument has no bearing on the current remand issue before this Court. Indeed, the parties have sought adjournment of Defendant's Motion to Compel Arbitration. That motion is not ripe for decision. The issue presently before this Court is whether Defendant, as a non-signatory to the Membership Agreement, is bound by the forum selection clause. Whether a non-signatory like Defendant can seek to enforce an arbitration clause against a signatory like Plaintiff is a separate question governed by separate law. *See Hirsch v. Amper Fin. Servs., LLC*, 71 A.3d 849, 859 (N.J. 2013) ("[A]s a matter of New Jersey law, courts properly have recognized that arbitration may be compelled by a non-signatory against a signatory to a contract on the basis of agency principles. . . . [I]ntertwinement of claims and parties in the litigation—in and of itself—[is not] sufficient to give a non-signatory corporation standing to compel arbitration. . . . [W]e reject intertwinement as a theory for compelling arbitration when its application is untethered to any written arbitration clause between the parties, evidence of detrimental reliance, or at a minimum an oral agreement to submit to arbitration."). The Court need not reach this question to decide Plaintiff's Motion for Remand.

## V. CONCLUSION

For the reasons stated above, the Court will DENY Plaintiff's Motion to Remand. An appropriate Order will follow.

Date: June 5, 2025

s/ Zahid N. Quraishi
**ZAHID N. QURAISHI**
**UNITED STATES DISTRICT JUDGE**
